IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ALLEN TEMPLE COMMUNITY ECONOMIC DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br>v.<br><br>JOHN DOES 1-10,<br><br>Defendants. | **COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Allen Temple Community Economic Development Corporation ("ATCEDC" or "Plaintiff"), by and through undersigned counsel, respectfully shows unto this Honorable Court as follows:

**PARTIES**

1. Plaintiff ATCEDC is a South Carolina non-profit corporation with its principal place of business in Greenville, South Carolina.
2. Defendants John Does 1-10 are persons, natural or artificial, whose true names and identities are unknown to Plaintiff at this time.
3. Upon information and belief, Defendants engaged in a coordinated scheme to defraud Plaintiff through email interception, computer fraud, and wire fraud as more fully described herein.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction over related state law claims).

4. This Court has personal jurisdiction over Defendants because they directed their fraudulent activities toward South Carolina, caused injury to a South Carolina entity, and committed acts in furtherance of their scheme that had effects in South Carolina.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District and Plaintiff suffered damages in this District.

## FACTUAL ALLEGATIONS

**Background**

6. ATCEDC is a small, local non-profit organization that provides affordable housing to 83 low-income families in the Greenville, South Carolina area.
7. ATCEDC held a mortgage loan with Greenville Housing Fund ("GHF") secured by residential rental properties, which loan contained a five-year balloon provision that expired in 2025.
8. Rather than refinance the loan, ATCEDC decided to pay off the loan in full.

**The Fraudulent Scheme**

10. On or about August 6, 2025, Plaintiff emailed GHF requesting the payoff amount and payment instructions for the loan.
11. On or about August 8, 2025, Plaintiff received what appeared to be a PDF attachment containing the payoff amount and loan information.
12. However, unbeknownst to Plaintiff, and upon information and belief, Defendants unlawfully accessed, intercepted, and modified the email from GHF to include a fraudulent PDF containing wiring instructions directing payment to an account controlled by Defendants.
13. Specifically, the fraudulent wiring instructions directed ATCEDC to wire funds to:

    a. Recipient Bank: Citibank, N.A.

    b. Recipient Name: ARGM Global, LLC

c. Account Number: 915429****

d. Routing Number: 26608****

14. Relying on what appeared to be the legitimate payment instructions from GHF, ATCEDC authorized United Carolina Bank to wire transfer $310,583.74 from ATCEDC's account to the fraudulent account on August 8, 2025.
15. The wire transfer was completed, and the funds were debited from ATCEDC's account.
16. On or about August 14, 2025, after Plaintiff contacted GHF to confirm the payoff, GHF stated had not received any payment and further confirmed that it did not send the wire transfer instructions that Plaintiff received via email.
17. ATCEDC immediately realized it had been the victim of fraud and reported the matter to the Greenville Police Department (Case No. 25-55716) and the FBI (IC3 Complaint Submission.
18. The fraudulent scheme resulted in ATCEDC losing $310,583.74, representing a devastating financial blow to this small non-profit organization.
19. This loss may impact ATCEDC's ability to maintain its properties and serve the 83 low-income families who depend on its affordable housing services.

**FOR A FIRST CAUSE OF ACTION**

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

**18 U.S.C. § 1030**

24. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.
25. Defendants intentionally accessed protected computers without authorization or exceeded authorized access to obtain information from ATCEDC and/or GHF.
26. Defendants used such unauthorized access to further their fraudulent scheme by intercepting and altering email communications.
27. Defendants' conduct was knowing and intentional.

28. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1030, ATCEDC suffered damages in excess of $5,000, including the loss of $310,583.74.
29. ATCEDC is entitled to compensatory damages, including the full amount of its losses, and such other relief as the Court deems just and proper.

**FOR A SECOND CAUSE OF ACTION**

**CIVIL CONSPIRACY**

35. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.
36. Defendants entered into an agreement or understanding to engage in the unlawful conduct described herein.
37. Defendants committed overt acts in furtherance of the conspiracy, including but not limited to intercepting emails, creating fraudulent wire transfer instructions, and receiving the fraudulently obtained funds.
38. As a direct and proximate result of Defendants' civil conspiracy, ATCEDC suffered damages of $310,583.74.

**FOR A THIRD CAUSE OF ACTION**

**CONVERSION**

39. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.
40. ATCEDC had lawful possession of and an ownership interest in $310,583.74.
41. Defendants wrongfully and unlawfully took possession of and exercised control over ATCEDC's money without authorization.
42. Defendants' actions were inconsistent with ATCEDC's ownership rights.
43. As a direct and proximate result of Defendants' conversion, ATCEDC suffered damages of $310,583.74.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff compensatory damages in the amount of $310,583.74, plus interest;

C. Award Plaintiff punitive damages in an amount to be determined at trial;

D. Award Plaintiff reasonable attorneys' fees and costs incurred in prosecuting this action;

E. Grant Plaintiff such discovery as may be necessary to identify Defendants and trace the stolen funds, including the issuance of subpoenas to financial institutions;

F. Enter such temporary, preliminary, and permanent injunctive relief as may be necessary to prevent further harm and to assist in the recovery of Plaintiff's funds; and

G. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

______________________________

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

September 22, 2025