IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

ALLEN TEMPLE COMMUNITY ECONOMIC DEVELOPMENT CORPORATION,

Plaintiff,

v.

JOHN DOES 1-10,

Defendants.

Civil Action No. 6:25-cv-12713-TMC

**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS**

Plaintiff Allen Temple Community Economic Development Corporation ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(m) and 6(b) for an extension of time to effect service of process, and in support thereof states as follows:

**BACKGROUND**

1. Plaintiff filed this action on October 1, 2025, naming John Does 1-10 as defendants. The complaint arises from a business email compromise fraud in which Plaintiff, a South Carolina non-profit organization serving 83 low-income families, was defrauded of $310,583.74.

2. The deadline for service of process was December 29, 2025.

3. At the time of filing, Plaintiff did not know the identity of the individuals or entities responsible for the fraud. The fraudulent wire transfer was sent to a bank account at Citibank, N.A., but Plaintiff had no information about the account holder.

## GOOD CAUSE FOR EXTENSION

4. Plaintiff has been diligently pursuing discovery to identify the responsible parties. On or about October 30, 2025, Plaintiff served a subpoena duces tecum on Citibank, N.A. seeking account opening documents and transaction records for the account that received the fraudulent wire transfer.

5. On November 14, 2025, Citibank produced documents in response to the subpoena. Through this production, Plaintiff has now identified the following parties:

6. Plaintiff's investigation further revealed that the stolen funds were rapidly transferred from the Citibank accounts to accounts at two other financial institutions:

7. Plaintiff has served or is in the process of serving subpoenas on Community Federal Savings Bank and Cross River Bank to trace the stolen funds and identify any additional responsible parties.

8. Additionally, Plaintiff's investigation has revealed potential claims against Citibank, N.A. under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq., based on Citibank's account opening and monitoring procedures that facilitated the fraud.

9. Plaintiff intends to file an amended complaint substituting the identified parties for certain John Doe defendants and adding Citibank, N.A. as a defendant, while preserving John Doe designations for any additional parties that may be identified through the pending subpoenas.

10. Plaintiff has acted diligently throughout this process. The delay in service is not due to any negligence or lack of effort by Plaintiff, but rather the inherent challenges of identifying unknown fraudsters who deliberately concealed their identities.

## REQUESTED RELIEF

11. Plaintiff respectfully requests an extension of sixty (60) days from the date of the Court's order to file an amended complaint and effect service on the known defendants.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant Plaintiff an extension of sixty (60) days to file an amended complaint and effect service of process on the identified defendants;

B. Grant such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

January 15, 2026